**Rafael BARCENAS, Petitioner,**

v.

**Eric H. HOLDER, Jr., Attorney General, Respondent.**

**No. 11–73588.**

United States Court of Appeals, Ninth Circuit.

Submitted March 12, 2013.*

Filed March 21, 2013.

Rafael Barcenas, Adelanto, CA, pro se.

Gregory Darrell Mack, Esquire, Senior Litigation Counsel, OIL, U.S. Department of Justice, Washington, DC, Chief Counsel Ice, Office of the Chief Counsel Department of Homeland Security, San Francisco, CA, for Respondent.

Before: PREGERSON, REINHARDT, and W. FLETCHER, Circuit Judges.

*See* Fed. R.App. P. 34(a)(2).

MEMORANDUM **

Rafael Barcenas, a native and citizen of Mexico, petitions pro se for review from the Board of Immigration Appeals' ("BIA") order dismissing his appeal from an immigration judge's ("IJ") removal order. Our jurisdiction is governed by 8 U.S.C. § 1252. We review de novo questions of law. *Mohammed v. Gonzales,* 400 F.3d 785, 791–92 (9th Cir.2005). We deny in part and dismiss in part the petition for review.

In his opening brief, Barcenas fails to address, and therefore has waived any challenge to, the BIA's determination that he is ineligible for adjustment of status, cancellation of removal, asylum, withholding, and relief under the Convention Against Torture. *See Martinez–Serrano v. INS,* 94 F.3d 1256, 1259–60 (9th Cir.1996) (issues that are not specifically raised and argued in a party's opening brief are waived).

We lack jurisdiction to review Barcenas' contention that the IJ abused his discretion and violated due process by denying Barcenas' request for a continuance because he failed to raise that issue before the BIA and thereby failed to exhaust his administrative remedies. *See Barron v. Ashcroft,* 358 F.3d 674, 678 (9th Cir.2004) (this court lacks jurisdiction to review contentions not raised before the agency).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).